UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES BENNETT,

        Petitioner,        3:16-cv-00355-TC

    v.                         FINDINGS and
                                 RECOMMENDATION

RICHARD IVES, WARDEN,

        Respondent.

Coffin, Magistrate Judge.

    Petitioner, an inmate at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 alleging that the BOP wrongfully terminated him from a UNICOR job working with solar energy. Petition (#1). Plaintiff seeks an order requiring the BOP to provide petitioner with a certification that petitioner completed a solar technology apprenticeship, to pay him lost wages and to expunge a disciplinary incident report from his record. Id, at p. 6-7.

1 - FINDINGS AND RECOMMENDATION

Respondent moves to deny the petition for lack of jurisdiction and failure to state a claim. In the alternative, respondent argues that the petition should be denied on the ground that petitioner has failed to exhaust available administrative remedies. Response (#6) p. 2.

Petitioner has not filed a brief in support of his petition or a a reply to Respondents response.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475. 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'" Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99).

While it is possible that some claims may have a remedy under either the Civil Rights Act or habeas corpus statutes, see Preiser, the preferred practice in the Ninth Circuit appears to require that all challenges to conditions of confinement be brought in a civil rights complaint. See, Badea, supra; Crawford v. Bell, 599 F.2nd 890, 891-92 & n. 1 (9th Cir. 1979); Doganiere v. Thornburg, 899 F.2d 1224 (9th Cir. 1990)(unpublished opinion) citing several United States Supreme Court cases implying that habeas may be a proper avenue to challenge the conditions of a prisoners

2 - FINDINGS AND RECOMMENDATION

confinement). Wilwording v. Swenson, 404 U.S. 249 (1971)

Petitioner's claims and requested relief in this case clearly relate to the conditions of his confinement. Therefore, even if plaintiff's claims could be cognizable under 28 U.S.C. § 2241, the court construes petitioner's habeas corpus petition as a civil rights complaint against federal officials pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971)(reversing the dismissal of petitioners' challenge to the conditions of their confinement, holding that they were entitled to have their action treated as a claim for relief under the Civil Rights Act); see also, Hassain v. Johnson, 790 F.2d 1420, 1420-21 (9th Cir. 1986) (per curiam) [construing a federal prisoner's civil rights complaint as both a petition for habeas corpus relief and a Bivens action for civil rights violations]; Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991) [to the extent that a federal prisoner's pleading seeks damages for a civil rights violation, it should be construed as a Bivens action].

It is well settled that inmates have no due process interest in a UNICOR job. See eg. Harris v. Sively, 1991 WL 268943*1 (9th aCir. 1991)(no liberty interest in UNICOR jobs); Baumann v. Arizona, 754 F.2d 841, 846 (9th Cir. 1985)(no constitutional right to work and educational opportunities).

3 - FINDINGS AND RECOMMENDATION

In addition, inmates have no due process rights in avoiding disciplinary sanctions that do not result in the loss of Good Conduct Time credits. *See*, Zavala v. Copenhaver, 2014 WL 4249627 (E.D. Cal. Aug. 27, 2014).

In this case, petitioner's disciplinary sanction related to the loss of his job and did not involve loss of good time credits.

Therefore, plaintiff's claims fail to state a claim for a constitutional violation.

Assuming *arguendo* that some of defendants' alleged conduct could be construed as implicating petitioner's constitutional rights, it un-controverted in the record before the court that petitioner did not exhaust administrative remedies with respect to his claims as required by the PLRA, 42 U.S.C. § 1997(a)e; 18 U.S.C., § 3626(g)(2); Porter v. Nussle, 534 U.S. 516, 524-525 (2002).

Petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter an judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 23 day of November, 2016.

Thomas M. Coffin
United States Magistrate Judge